IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER LOVE, JR.                                                                PLAINTIFF

v.                                       Civil No. 4:17-cv-04080

OFFICER KRISSY FINCHER;
JAILER ERIC GARNER;
SUSAN HANSON; SERGEANT
ALVIS MILLS; and HEMPSTEAD
COUNTY, ARKANSAS                                                                     DEFENDANTS

# ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

Plaintiff filed his Complaint on September 19, 2017. (ECF No. 1). He is currently incarcerated in the Arkansas Department of Correction – Varner Unit. Plaintiff alleges his constitutional rights were violated on April 24, 2017, while he was being held in the Hempstead County Detention Center ("HCDC") when Defendant Krissy Fincher mistakenly gave Plaintiff the wrong medication. Plaintiff also claims that Defendant Fincher is not a nurse and that Defendant Hempstead County's policy of allowing non-medical personnel to distribute medications is a violation of his civil rights. In addition, Plaintiff named Eric Garner, Susan Hanson, and Sergeant Alvis Mills as Defendants in the Complaint but failed to make any specific allegations against them. Plaintiff is suing Defendants in their individual and official capacities. He is seeking compensatory and punitive damages.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

**A. Defendants Garner, Hanson, and Mills**

As previously stated, a complaint fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* at 570. Other than listing their names in the Complaint, Plaintiff has failed to allege any facts whatsoever against Defendants Garner, Hanson, or Mills. Consequently, Plaintiff's claims against these Defendants should be dismissed for failure to state a claim upon which relief can be granted.

**B. Defendant Fincher**

Plaintiff alleges "Officer Krissy Fincher called me to the door to give me my meds I took the meds she gave me and after I took the med she replied Oops I gave you some else meds". (ECF No. 1). The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

In order to show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence[.]" *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff does not specify what medication he was taking while he was incarcerated in the HCDC nor does he indicate what particular medical condition he suffered from at the time. (ECF No. 1). As a result, there is no way for this Court to determine from the Complaint if Plaintiff suffered from a serious medical condition.

Even if the Court could somehow ascertain that Plaintiff suffered from a serious medical condition, it is clear that Defendant Fincher did not intend to give Plaintiff another inmate's medication on April 24, 2017. Plaintiff acknowledges as much when he states in his Complaint

3

that Defendant said "Oops I gave you some else meds". (ECF No. 1). Her mistake, at most, constitutes negligence. *See McClain v. Howard*, 2015 WL 6123063 (W.D. Ark. Sept. 21, 2015) (finding that giving an inmate the wrong medication on a single occasion at most supports a finding that the officer was negligent). In addition, the Eighth Circuit has specifically ruled that the accidental administration of a dose of medication on one occasion does not constitute deliberate indifference to a serious medical need. *Spann v. Roper*, 453 F.3d 1007 (8th Cir. 2006). Accordingly, Plaintiff's claim against Defendant Fincher should be dismissed for failure to state a claim upon which relief can be granted.

### C. Defendant Hempstead County

Plaintiff alleges Defendant Hempstead County's policy of allowing non-medical personnel to dispense medications to inmates resulted in him being given another inmate's medication on one occasion while he was detained at the HCDC. Plaintiff claims this violated his right to adequate medical care. The Supreme Court has determined that government entities, such as a county, are "persons" subject to liability under 42 U.S.C. § 1983. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658 (1978). A government entity may only be liable for injuries caused by the government itself. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 818 (1985). In order for Plaintiff to establish a valid claim against Defendant Hempstead County he must demonstrate that: (1) he had a constitutional right; (2) the county had a policy; (3) the policy was deliberately indifferent to his constitutional rights; and (4) the policy was the moving force behind the constitutional violation. *Hayes v. Faulkner County, Arkansas*, 285 F.Supp.2d 1132 (E.D. Ark. 2003); *see also Monell*, 436 U.S. at 690.

There is no question that Plaintiff has a constitutional right to adequate medical care for his serious medical needs. It also appears from Plaintiff's Complaint that Defendant Hempstead County has an established policy which allows HCDC officers who are not medically trained to

distribute medication to inmates. However, Plaintiff's claim fails because there is no constitutional requirement that medication be disbursed to inmates by trained medical personnel. The law is clear that the Constitution does not prohibit officers or guards from distributing medication to inmates. *See e.g.*, *Griggs v. Livermore*, No. 13–5133, 2014 WL 979197, at *3 (W.D. Ark. March 13, 2014)("There is no constitutional requirement that medication be disbursed only by trained medical personnel"); *Booker v. Herman*, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006)("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted"). Therefore, Plaintiff's claim against Defendant Hempstead County should be dismissed for failure to state a claim upon which relief may be granted.

**D. Official Capacity Claims**

Plaintiff also sues Defendants Fincher, Garner, Hanson, and Mills in their official capacities. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, Plaintiff's official capacity claims against Defendants are treated as claims against Hempstead County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

To establish a defendant's official capacity liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Plaintiff's claim regarding Hempstead County's policy of distributing

medication does not violate Plaintiff's civil rights because, as previously discussed, there is no constitutional requirement that medication be disbursed to inmates only by trained medical personnel. *See Griggs*, 2014 WL 979197, at *3. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Fincher, Garner, Hanson, and Mills in their official capacities.

## IV. CONCLUSION

For the foregoing reasons, all of Plaintiff's claims against Defendants Krissy Fincher, Eric Garner, Susan Hanson, Sergeant Alvis Mills, and Hempstead County, Arkansas, are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii). A Judgment of even date will be entered.

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED**, this 22nd day of November 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge